**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANTEZ O.D. THROWER, | Case No.: 3:24-cv-00412-ART-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 30 |
| PARKER, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion to enforce the settlement agreement. (ECF No. 30.)

After a thorough review, it is recommended that Plaintiff's motion be denied as the court lacks jurisdiction over this matter.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), who filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 17.) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment excessive force claim against defendants Parker and Duoglivo. (ECF No. 16.) The action was stayed while the case proceeded to the court's Inmate Early Mediation Program. (*Id*.) An early mediation conference took place on October 21, 2025, and a settlement was reached. (ECF No. 22.) On December 23, 2025, the stipulation and order to dismiss the action with prejudice was filed, and the case was dismissed with prejudice on December 30, 2025. (ECF Nos. 28, 29.)

On January 15, 2026, Plaintiff filed this motion to enforce the settlement agreement. (ECF No. 30.)

## II. DISCUSSION

Federal courts are courts of limited subject matter jurisdiction. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends. *Id.* (citing *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995)). Ordinarily, a dispute arising under a settlement agreement is a separate contract dispute requiring its own independent basis for jurisdiction. *Id.*

Here, Plaintiff does not point to a term in the settlement agreement that the court retained jurisdiction over the settlement. Nor were the terms of the settlement agreement incorporated into the order of dismissal. *See Kokkonen,* 511 U.S. at 381. Therefore, the court lacks jurisdiction over this matter.

If Plaintiff believes that a breach of the settlement agreement has occurred, his recourse is to file an action for breach of contract in state court. Plaintiff's motion to enforce the settlement agreement should be denied for lack of jurisdiction over this matter.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion to enforce the settlement agreement (ECF No. 30) for lack of jurisdiction, and Plaintiff should be advised that he should not file any further motions related to enforcing the settlement agreement entered in this case.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 11, 2026

_____
Craig S. Denney
United States Magistrate Judge

3